[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT # 107
 I. FACTS
The plaintiff, Barreira Landscaping and Masonry, filed a two-count complaint against the defendant, Frontier Insurance Company, on September 25, 1997. The plaintiff seeks payment for its services on public works projects in Greenwich[1] under two performance bonds for which the defendant was a surety. The plaintiff was a subcontractor of Wright Brothers Builders, Inc., which served as the general contractor on the projects. The plaintiff's action is brought pursuant to the Little Miller Act, General Statutes §§ 49-41 through 49-43.
On May 26, 1998, the plaintiff filed a motion for summary judgment arguing that it had complied with the notice requirements of General Statutes § 49-42, and that it was entitled to judgment as a matter of law. The defendant filed a memorandum in opposition, arguing that there are disputed issues of material fact concerning whether the plaintiff has complied with the requirements of § 49-42. The matter was heard by the court on June 30, 1998.
 II. DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.... In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party...." (Internal quotation marks omitted.) Maffucci v. RoyalPark Limited Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998).
"General Statutes (Rev. to 1983) §§ 49-41 through 49-43, CT Page 9542 which provide for the furnishing of bonds guaranteeing payment (payment bonds) on public works construction projects, were enacted to protect workers and materials suppliers on public works projects who cannot avail themselves of otherwise available remedies such as mechanic's liens." (Internal quotation marks omitted.) Blakeslee Arpaia Chapman, Inc. v. EI Constructors.Inc., 239 Conn. 708, 714, 687 A.2d 506 (1997). "Section 49-41
requires that the general contractor provide a payment bond with surety to the state or governmental subdivision, which bond shall guarantee payment to those who supply labor and materials on a public works project." Id., 715. "Section 49-42 provides that any person who has performed work or supplied materials on a public works project, but who has not received full payment for such materials or work, may enforce his right to payment under the payment bond." Id., 715-16.
 A. Improper Venue
The defendant argues that the court does not have subject matter jurisdiction because the plaintiff has failed to comply with the requirement in § 49-42 that suit be commenced in the judicial district where the contract is to be performed. The plaintiff argues that the choice it has made to file this suit in the judicial district of Fairfield, although the contract was to be performed in Greenwich, not a fatal defect.
General Statutes § 49-42 (b) provides in part: "Every suit instituted under this section shall be brought in the name of the person suing, in the superior court for the judicial district where the contract was to be performed, irrespective of the amount in controversy in the suit." In examining this portion of the statute, the court in Schoonmaker v. Lawrence Brunoli.Inc., Superior Court, judicial district of Hartford/New Britain at New Britain Docket No. 472829 (October 25, 1996, Handy, J.) held that "[v]enue is not a jurisdictional question but a procedural one. Statutory venue requirements simply [confer] a privilege not to be required to attend court at a particular location . . . . Accordingly, it may be waived by the parties, unlike subject matter jurisdiction, which cannot be conferred by consent . . . . Therefore, since venue does not go to the subject matter jurisdiction of the court, a claim of improper venue cannot be raised at any time. Practice Book § 144 specifically states that a claim based upon improper venue must follow the filing sequence which is provided in Practice Book §§ 112 and 113 and the time limitations provided in Practice CT Page 9543 Book § 142." (Citations omitted; internal quotation marks omitted.) Id. Accordingly, because the defendant has failed to raise the issue of improper venue at the appropriate time pursuant to Practice Book § 112, now Practice Book (1998 Rev.) § 10-6,[2] through a motion to dismiss as required by Practice Book § 144, now Practice Book (1998 Rev.) § 10-32,[3] the defendant has waived any objection to this court nearing the plaintiffs claims.
 B. One Year Statute of Limitations
The plaintiff argues that it filed this action within the one year statute of limitations pursuant to § 49-42 (b). The plaintiff contends that it performed its last work on the projects on November 1 and November 14, 1996. Although the plaintiff does not know when exactly the general contractor was paid, the plaintiff argues that since suit was filed on September 19, 1997, this action was commenced within the one year statute of limitations. The defendant argues that according to the plaintiffs payroll records, the last day it supplied material or work on the projects was September 6, 1996. Therefore, since suit was filed on September 19, 1997, there is an issue of fact as to whether it was filed within one year from the date of the last material or work supplied by the plaintiff.
General Statutes § 49-42 (b) provides in part: "[N]o such suit may be commenced after the expiration of one year after the applicable payment date provided for in subsection (a) of section49-41a, or, in the case of a person supplying materials or performing subcontracting work not included on a requisition or estimate, no such suit may be commenced after the expiration of one year after the date such materials were supplied or such work was performed." General Statutes § 49-41a(a) provides in part: "When any public work is awarded by a contract for which a payment bond is required by section 49-41, the contract for the public work shall contain the following provisions: (1) A requirement that the general contractor, within thirty days after payment to the contractor by the state or a municipality, pay any amounts due any subcontractor, whether for labor performed or materials furnished, when the labor or materials have been included in a requisition submitted by the contractor and paid by the state or a municipality."
The plaintiff has failed to supply evidence to the court indicating whether it was to be paid as a subcontractor who CT Page 9544 furnished labor or materials included in a requisition submitted by the contractor or as a subcontractor performing work not included on a requisition or estimate. Pursuant to § 49-42, the running of the one year limitation depends upon this distinction. This constitutes a genuine issue of material fact, which defeats the plaintiff's motion for summary judgment.
Even assuming the plaintiff was to be paid as a subcontractor furnishing labor or materials included in a requisition submitted by the contractor, the computation of the one year limitation period in § 49-42 is dependent upon an accurate calculation of the running of the 30 day payment period in § 49-41a(a)(1). Determining the 30 day period requires confirmation as to when the general contractor was paid, which would begin the period. The plaintiff has failed to supply the court with this information. The plaintiff can only speculate as to when the general contractor would have been paid, and extrapolate from that when the general contractor would have paid the plaintiff. (Motion For Summary Judgment, Exhibit N, Affidavit of Jorge Barreira, ¶ 13). Therefore, genuine issues of material facts exist as to when the one year statute of limitations in § 49-42 began to run, and accordingly, the plaintiffs motion for summary judgment is denied.
NADEAU, JUDGE